# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3171 | **DATE** | May 23, 2011 |
| **CASE TITLE** | David Thomas (K-55907) v. Hucker, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff is given 30 days from the date of this order either to file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) or to pay the full $350 filing fee. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies) and an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) or to pay the full $350 filing fee. The Clerk is directed to send Plaintiff an *in forma pauperis* application, an amended civil rights complaint form with instructions, and a copy of this order. If Plaintiff does not timely comply with this order, this case shall be dismissed on the understanding that Plaintiff does not wish to proceed with this action in federal court at this time.

■[For further details see text below.]                                                            Docketing to mail notices.

# STATEMENT

Plaintiff, an inmate at the Big Muddy Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Although the Clerk has accepted this *pro se* complaint for docketing pursuant to Rule 5(e) of the Federal Rules of Civil Procedure, Plaintiff has neither paid the filing fee nor filed a petition for leave to file *in forma pauperis*. Plaintiff filed a certification and accounting of his trust fund account but not an *in forma pauperis* application on the form required by the rules of this court.

The Prison Litigation Reform Act (PLRA) requires all inmates to pay the full filing fee. The Court must assess an initial partial filing fee on all inmates who bring suit in an amount that is 20% of the greater of:
   (A)   the average monthly deposits in the prisoner's account; or
   (B)   the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint or notice of appeal.
28 U.S.C. § 1915(b)(1).

The Court will authorize prison officials to deduct the initial filing fee payment directly from Plaintiff's trust fund account. Thereafter, correctional authorities having custody of Plaintiff will have authority (and are required) to make monthly payments to the Court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the Court to make the necessary initial assessment of the filing fee, Plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If Plaintiff wishes to proceed with this case *in forma pauperis* he must file an *in forma pauperis* application on the form required by the rules of this Court together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the immediately preceding six-month period.

Furthermore, under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that on August 16, 2009, he was stopped by two Zion Police Officers after existing a KMart. He was placed in squad car and questioned by Officer Hucker. Officer Hucker's field case report indicates that Plaintiff was read his Miranda rights and confessed to stealing deodorant. The Illinois Department of Correction's website indicates that

# STATEMENT

Plaintiff is presently incarcerated after being found guilty of retail theft based on an August 16, 2009, arrest. Plaintiff alleges that his Fifth and Sixth Amendment rights were violated when he was never read his Miranda rights and the field report was used as evidence in his criminal trial. Plaintiff seeks "compensation or whatever the courts deem necessary."

It is unclear what claim(s) Plaintiff is attempting to raise against the arresting officers and the Zion Police Department. A Miranda violation, in and of it self, does not form the basis of an independent civil rights claim because there is no constitutional right to Miranda warnings. See *Thornton v. Buchmann*, 392 F.2d 870, 874 (7th Cir. 1968); *Johnson v. Carrol*, 694 F. Supp. 500, 504 (N.D. Ill. 1988). Thus, if Plaintiff is attempting to bring a civil rights action based solely on the alleged failure of the police officer to inform him of his Miranda rights, such a claim fails to state a claim upon which relief can be granted.

While Plaintiff may raise a claim for a violation of his right against self-incrimination based on the introduction of a statement at his criminal trial that was given without a Miranda warning, *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1026-27 (7th Cir. 2006), such a claim in the instant case appears to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

When a state prisoner seeks damages in a civil rights suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. A plaintiff can plead himself into a *Heck* bar by pleading allegations in support of his claim that are inconsistent with his conviction. See *Gilbert v. Cook*, 512 F.3d 899, 902 (7th Cir. 2008). When applying the *Heck* bar against certain actions, "a district court must analyze the relationship between the plaintiff's § 1983 claim and the charge on which he was convicted." *Van Gilder v. Baker*, 435 F.3d 689, 691 (7th Cir. 2006).

Here, Plaintiff was convicted of retail theft. Plaintiff alleges that the field case report that was introduced at his criminal trial included a confession to the theft and a statement that he was read his Miranda rights. However, Plaintiff alleges that he was never read his Miranda rights. It appears that Plaintiff is alleging that the field case report was improperly used against him at trial. This claim, if successful, would necessarily imply the invalidity of his conviction. Thus, this claim would be *Heck*-barred. To the extent that Plaintiff claims that he has been unlawfully convicted, he must pursue federal relief by way of a *habeas corpus* action, and only after exhausting available state court remedies. See generally 28 U.S.C. § 2254.

The Court discerns no other claims at this time based on the allegations in Plaintiff's complaint. Accordingly, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to file an amended complaint if he believes that he can do so consistent with the discussion above. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

In summary, Plaintiff must, on or before thirty days from the date of this order, **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee **and** submit an amended complaint. If Plaintiff does not timely comply with this order, this case shall be dismissed on the understanding that Plaintiff does not wish to proceed with this action in federal court at this time.